ELLIS, Judge.
At approximately 6:30 a. m. on October 7, 1949 Stanley Hodges was driving his Ford automobile in a westerly direction on the Airline Highway which contains four traffic lanes with a neutral ground in the middle, and Sidney, minor son of Tom Musson, had been travelling in an easterly direction on the Airline Highway until he arrived at the intersection formed by the Plank Road when he turned North on the latter Highway with the intention of turning to his left •or westerly on the Airline Highway, when the collision which is the subject matter of this suit occurred.
Hodges filed suit against Musson. ,The answer in this suit was a general denial and an alternative plea of contributory negligence on the part of Hodges as a bar to his recovery. Tom Musson then filed a separate suit individually and for the use and benefit of Louisiana Fire Insurance Company, the insurer of his automobile, who had paid the sum of $416.73 under a $50 deductible insurance policy, and hence Musson’s individual suit is for the $50.
The two cases were consolidated for the trial with separate judgments to be rendered in each. The judge of the District Court held that there was not sufficient evidence for him to say with any degree of satisfaction what was the proximate cause of this accident. He further stated: “The conclusion I have reached is based upon the want of necessary evidence upon which to reach a just and sensible decision,” and he therefore dismissed the plaintiff Hodges’ suit and the plaintiff Musson’s suit. Both plaintiffs have appealed.
Plaintiff claims that he was traveling on the north or right lane of the two lanes north of the neutral ground, and that as he approached the intersection of Plank Road and Airline Highway, the light was green for traffic on the Airline and he, therefore, proceeded into the intersection, but before he could get across, the defendant’s car, driven by his minor son, came suddenly into the path of plaintiff’s car, causing the collision.
Defendant’s son contended and testified that he was traveling in an easterly direction on the Airline; that when he arrived at the intersection the light was green for traffic on the highway and turned yellow when he entered the intersection on the south side and turned his car in a northerly direction on the Plank Road, and that he stopped in the neutral ground in this intersection until the light turned from yellow to green. He then proceeded at a speed of 3 to 5 miles per hour and as he had turned his car slightly to the left into the south lane of the two north traffic lanes on Airline Highway the plaintiff’s car struck defendant’s car, turned over on its side, then righted itself and ran into a ditch on the west *56 side of Airline Highway beyond the intersection.
By far the preponderance of the evidence is that at the time of the collision visibility was greatly obstructed by a heavy fog, and the distance given by the various witnesses as to visibility without lights was from 30 to SO feet, and with lights from 'SO to possibly 75 feet. Hodges testified that he was running without lights at the time of the collision as the fog was cleared some, while Musson testified he was unable to see with bright or dim lights and was, therefore, running with his parking lights only.
Hodges, in order to establish the fact that he had the right of way and the light was green, offered his own testimony and that of the witness Watkins, who was standing near the northwest corner of the intersection waiting for a ride to go to work but who testified that when he saw that a collision was about to occur he ran for a place of safety and did not see the actual collision nor did he know at the time of the collision whether the light on the Airline Highway was green or red. The main testimony that he gave was to the effect that young Musson did not stop his car at any time when he reached the intersection of Plank Road and Airline Highway but that he made a sweeping turn north. He did testify that the light was green as young Musson reached the intersection. Watkins also testified that Hodges’ car arrived at the intersection first, which is impossible for it is shown on the police report and by the testimony that Hodges was travelling at approximately 45 miles per hour whereas young Musson was travelling very slowly when he made the turn, and the collision occurred in approximately the center of the south lane of the two north lanes. There can be no doubt but that the Hodges car was being driven fast as it slid on its side 129 feet, righted itself and came to rest 183 feet from the point of collision. It would not have made any difference whether the light was red or green as far as Hodges was concerned for he could not have stopped within the SO to 75 feet of visibility. In other words, he could not see the light or the automobile until he got within SO to 75 feet from them, and at that speed if the light was red when he was able to see it he could not have stopped, or if the light changed when lie was within 50-feet of it from green to red he could not have stopped. Be this as it may, if he had reached the intersection first at the speed he was making there would have been no collision.
The defendant Musson relies upon the testimony of his son who was driving his car at the time of the collision. He testified that as he approached the intersection the-light was green on the Airline Highway and that as he arrived at the intersection it turned to caution or yellow and he then proceeded into the intersection, stopped and waited for the yellow light to turn red for traffic on the Airline Highway, and he then pulled slowly out at an angle to the left and had reached only the middle of the south lane of the north two lanes of traffic when he was struck by Hodges. He did not see Hodges coming, and his explanation is that Hodges was coming so fast so far back and the visibility was only from 50 to 75 feet due to the fog.
Thus, the case must be decided on the testimony of Hodges and Watkins on one side and that of young Musson on the other, together with the physical facts.
Judge Holcombe in his written reasons for judgment in considering the weight and effect to be given the testimony of Hodges and Watkins and Musson had this to say:
“In considering the weight and effect to be given the testimony of Hodges, a comparison between the testimony given by him as a witness and the allegations of his petition should be made. For instance, as a witness he stated that he saw young Musson as he approached the intersection and that he slowed down as if to stop, and then drive into the intersection. In his petition, howl ever, he alleges he 'turned left at a high rate of speed at approximately 35 miles per hour within the intersection and endeavored to proceed north on the Plank Road against a red light’. Again he stated as a witness that young Musson approached the intersection at a speed of about 30 miles while in his petition he avers he was traveling at a speed of ‘at least 50 miles per hour or more.’
“On page 17 of the transcript of testimony Hodges was asked: ‘Q. How fast would you say that Mr. Musson was driving *57 •the automobile at the time, at the exact time he struck your automobile? A. I would say about fifteen or twenty miles an hour.’
“On page 26 of the transcript of testimony this question was propounded to Hodges: ‘Q. How do you account for the difference in your petition and your testimony? Your petition says the man was going fifty miles an hour when you saw him. Now you say he was going thirty. You alleged in your petition when he made the turn he was going thirty. Now you say fifteen or twenty-five: No answer.’
“Can the Court in these circumstances give full weight and credit to other portions of his testimony, particularly that he 'had a green light when he entered the intersection? I do not think so. This conclusion is further fortified by the apparent error of plaintiff in saying visibility was good for two or three hundred yards, or from 600 to 900 feet. This was contradicted by the witnesses Struppeck Hause and Officer Held. Held estimated visibility at the time of his arrival, — only a few minutes after the accident at 'SO feet. Even at this distance he said you could see ‘only the outline of a car.’
“We come now to the testimony of Sidney Musson, driver of defendant’s automobile. He estimated visibility at 50 or 75 feet. His testimony was to the effect that when he approached the light he slowed down between five and ten miles an hour and that when he looked up the light on the Airline was on ‘caution’ and he went into the neutral part of the intersection, then he looked up and saw the light turn red on the Airline and, whereupon, looking both waj'S he started across and immediately after he was struck by the Hodges car which he had not seen approaching the intersection. He admitted that he could see east on the Airline 40 or 50 feet, but said no car was in sight for that distance. If this be true, it may be due to the fact that Hodges had turned off his lights. ‘Q. Did you come to a complete stop in the intersection when you approached that light and made your turn? A. I did come to a complete stop.’
“He claims that he was going between 3 and 5 miles an hour when his car was struck by the Hodges car.
“His explanation as to why he didn’t see the Hodges car when he looked east was that ‘he was coming so fast so far back.’ I am satisfied that the Hodges car was coming fast owing to the distance it slid or ran after the impact, but I can not say with certainty that is why Musson didn’t see it, in other words that it ran from a point where it could not be seen and beyond 40 or 50 feet to the intersection after Musson looked east.
“Be that as it may, aside from the testimony of Watkins we have only the testimony of the two drivers as to what caused the accident. If that question can not be determined from the physical evidence and the testimony of Watkins, there is nothing for the Court to do except to dismiss both the main and reconventional demands.’ ”
“The most that can be decided from the physical evidence is that plaintiff’s car was traveling at a fast rate of speed. According to the testimony of Officer Held it slid 43 paces or 129 feet from the point of collision, righted itself and ran into a ditch. The Musson car was on the left or south of the two north lanes of the Airline Highway. The officers were of the opinion that it was practically where it was when struck.
“The testimony of Watkins tends to support plaintiff’s version of the accident, but I am unwilling to accept it as decisive of the case for the reason that he said that at the time of the accident he did not know if the light on the Airline was red or green, nor did he know its color on the Plank Road at the time of the accident. His testimony after all, amounts to a mere conclusion which is that if the Musson car when it reached the intersection had a green light on the Airline it had a red light on the Plank Road and as it did'not stop after turning it necessarily ran the red light on the Plank Road.
“He was asked:
“ ‘Q. Did Mr. Sidney A. Musson Jr. run a red light prior to this accident ? A. Not to my knowledge.
“‘Q. But he never stopped? A. No, sir.
“ ‘Q. Either when he was traveling east on the Airline or north on the Plank Road ? A. No, sir, never did stop.’
*58 “This witness’s testimony as to how far the Hodges car slid or ran after the accident (50 feet) was at variance with the actual measurement of 43 paces of slide marks made by the police. His testimony concerning visibility was out of accord with .every single witness sworn. He first said visibility was good 400 yards, then 400 feet.
“While stating that feeling an accident was going to happen, he turned his back on both cars, and didn’t see them, he was sure the Musson car never stopped.
“This matter is too serious for the Court to hinge a decision on this type of corroboration.
“In the circumstances', I must hold that there is insufficient evidence for this Court to say with any degree of satisfaction what was the proximate cause of this accident and for that reason, both the main and re-conventional demands will be denied and rejected. It is possible that in view of the thick fog at the place of the accident neither driver exercised the caution he should have exercised, and that both were at fault However, the conclusion I have reached is based upon the want of necessary evidence upon which to reach a just and sensible decision.”
There is nothing that can be added to Judge Holcombe’s reasoning as he saw and heard the witnesses and has analyzed their testimony in his written reasons, and after careful consideration of the record and realizing that in each suit the plaintiff must bear the burden of proof, we believe in the suit of Hodges v. Musson that his dismissal of that suit was correct. On the other hand, in the suit of Musson v. Hodges, La.App., 55 So.2d 58, where the burden of proof was on Musson, we do not believe that the plaintiff has borne the burden of proof so as to justify a decision in his favor. One might speculate, but from the actual record itself it is impossible to arrive at any other conclusion but that neither plaintiff has borne the burden of proof sufficiently to be entitled to a judgment in his favor.
It is therefore ordered that the judgment be affirmed.